IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP TAYLOR,

      Plaintiff,

 v.                      ORDER

NANCY A. BERRYHILL,            15-cv-720-jdp
Acting Commissioner of Social Security,

      Defendant.

---

This is another in a series of recent cases in which attorney Dana Duncan requests that the court approve a contingency fee on the basis of past benefits awarded to his client. Duncan's request suffers from problems that he has still failed to correct, despite previous warnings from this court.

Duncan briefed a motion for summary judgment. Dkt. 10. Then the parties stipulated to a remand, Dkt. 11, and on that basis, the court reversed the Commissioner's decision denying plaintiff Phillip Taylor's applications for disability insurance benefits and supplemental security income and remanded the case for further proceedings. Dkt. 12. The court awarded Duncan $5,800 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 15. On remand, the Commissioner awarded Taylor $42,396 in past-due disability insurance benefits and $50,445.73 in past-due supplemental security income. Dkt. 17-2 and Dkt. 17-3.

Now Duncan moves the court for a representative fee award of $23,210.43, pursuant to 42 U.S.C. § 406(b). Dkt. 17. Duncan seeks 25 percent of Taylor's past-due benefits awards, pursuant to the fee agreement between Duncan and Taylor. Dkt. 17-1 ("If I receive both social security disability and SSI benefits, I understand that my total fee will not be more than 25%

of all past-due benefits[.]"). The Commissioner does not oppose the motion, Dkt. 20, but the court will deny the requested fees and award Duncan a lesser amount.

This order comes on the heels of other § 406(b) fees orders that the court has issued in Duncan's cases. *See, e.g.*, *Hansen v. Berryhill*, No. 14-cv-245 (W.D. Wis. Aug. 1, 2017). In that order, as in others, the court noted that it has warned Duncan that under § 406(b), the court will award fees only for the *attorney's* work before *this* court. *Id.* Obviously Duncan did not have the benefit of the *Hansen* order when he moved for fees here. But he had the benefit of older orders that relayed the same message. *See Westlund v. Colvin*, No. 15-cv-450 (W.D. Wis. June 1, 2017); *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016). Yet Duncan got it wrong again. He continues to use the *same* brief each time he asks for § 406(b) fees, and each time the court points out the brief's failings. Those criticisms apply with equal force here, so the court will just quote from the *Hansen* order:

> Duncan has it wrong yet again. First, he tells the court to consider the reasonableness of the requested fee award in light of the time he and his staff expended on remand. Dkt. 24, at 10 ("Accounting for all time administratively, the effective rate is $206.69 per hour."). Then he says that the court alternatively could consider the reasonableness of the fee award in light of the time that everyone expended at all levels of review. *Id*. at 13 ("Another method of calculating fees is to consider all fees and time, specifically time from both the Federal and Administrative aspects of the award."). Duncan misrepresents this court's past practice: he states that "[t]his method of calculation"—meaning his suggestion that the court consider all fees and all time—"was used in *Stemper v. Astrue*," No. 04-cv-838, 2008 WL 2810589 (W.D. Wis. July 14, 2008). Dkt. 24, at 13. But the court did no such thing in *Stemper*. Rather, the court explicitly recognized that it could not "consider the hours that Duncan spent in the administrative proceedings in determining the reasonableness of the award." *Stemper*, 2008 WL 2810589, at *1.
>
> Nowhere in his motion does Duncan simply lay out what the court needs most: the equivalent hourly rate for his work before this court[.]

2

Although the Commissioner did not object to Duncan's fee request, Duncan took the opportunity to file a reply brief to attempt to address the court's previously voiced concerns. Dkt. 21. But Duncan's reply does not help his case.

Duncan has provided no good reason to award him fees that would be the equivalent of $882 per hour. His only substantive submission to this court was the 39-page summary judgment brief. Like many of Duncan's briefs in this court, this one consists of a lot of cut-and-paste from the ALJ's decision and long boiler-plate descriptions of precedent. It's short on analysis of the two primary issues, which are actually quite routine. Although Duncan was successful in prompting a stipulated remand, this is not high-quality legal work that should be compensated at such an elevated rate. And the fact that he received a previous award under the EAJA only means that the government will pay part of his fees; it does not mean, as he suggests, that his equivalent hourly rate is actually lower.

The court will do what it did in *Hansen*. There, the court docked Duncan's requested fee award because it was unreasonably high in light of the time he expended litigating the case in this court; the court awarded Duncan fees as a rate of $250 per hour. The court will again award Duncan fees at a rate of $250 per hour, or $6,575. He must return the previously awarded EAJA fees to his client.

From here on out, the court will continue to award Duncan fees at a rate of $250 per hour until he (1) identifies and applies the correct standard for evaluating reasonableness of contingency fee requests, and (2) explains why a larger fee award does not amount to an unreasonable windfall.

ORDER

IT IS ORDERED that plaintiff Phillip Taylor's attorney's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 17, is DENIED, and he is awarded fees in the amount of $6,575.

Entered August 23, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge